ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB 10 AM 8:02

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| GLORIA A. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 304-183 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to October 1, 2000, Plaintiff initially applied for DIB and SSI on November 19, 2001; these applications were denied initially and upon reconsideration. Tr. ("R."), pp. 51-53, 56-69, 73-75, 318, 323-25, 327-29. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing in which

Plaintiff, who was represented by counsel, appeared and testified on her own behalf, the ALJ issued an unfavorable decision on April 7, 2003. R. 13-24, 28-46. The Appeals Council then denied review, making the ALJ's opinion the Commissioner's final decision. R. 6-8.

Applying the five step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1.  The claimant has engaged in substantial gainful activity since the alleged onset of disability as defined in the Regulations (20 C.F.R. §§ 404.1572 and 416.972).

2.  The claimant's "late effects of injuries to her nervous system" and "mood disorders" constitute medically determinable impairments. While her mental impairments are not severe, her other impairments are considered severe based on the requirement in the Regulations (20 C.F.R. §§ 404.1520(b) and 416.920(b)).

3.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.  The claimant has the residual functional capacity for medium exertional level work. The claimant's past relevant work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR §§ 404.1565 and 416.965).

R. 23-24. Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, see 20 C.F.R. § 404.1520(a)(4)(iv), and the ALJ concluded that Plaintiff "was not under a 'disability' as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(e) and 416.920(e))." R. 24.

Having exhausted her administrative remedies, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of that adverse decision. Plaintiff now argues that the Commissioner's final decision is not

supported by substantial evidence because: 1) Plaintiff established that she could not return to her past relevant work; and 2) the ALJ erred in determining that Plaintiff's mental impairment did not effect her ability to work. Pl.'s Br., pp. 2-3. Plaintiff also argues that the AC erred by denying review. Id.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual

3

findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

A.   **Sentence Four or Sentence Six of 42 U.S.C. § 405(g)?**

Before addressing the merits of Plaintiff's arguments, the Court must resolve a threshold issue. Neither Plaintiff's complaint nor her initial brief specify whether she requests reversal and remand pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). This failure is significant because Plaintiff urges, *inter alia*, that evidence presented only to the AC (and not the ALJ)--namely, medical records from Plaintiff's physician, Dr. Ranjit Sinha--mandates reversal because it demonstrates that the ALJ's decision is not supported by "substantial evidence." See Pl.'s Br., pp. 10-17.

The Eleventh Circuit has explained that sentence four and sentence six of § 405(g)

authorize two different types of remand.[1] Sentence four empowers the Court to set aside the Commissioner's final decision if it finds that the ALJ's decision is not supported by substantial evidence or that the ALJ committed a legal error. Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). On the other hand, sentence six authorizes the Court "to remand a case: 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Id. (quoting 42 U.S.C. § 405(g)).

When presented with new evidence that was never presented to the ALJ for review,

---

[1]Sentences four through six of § 405(g) provide:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

the Court may only consider whether the new evidence necessitates remand under sentence six of § 405(g); the Court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994). The Eleventh Circuit has further explained the requirements for a claimant seeking remand for consideration of new evidence as follows:

> (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.

Vega v. Commissioner of Social Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) and Falge, 150 F.3d at 1323). The judicial determination whether a sentence six remand is necessary is a *de novo* proceeding. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

Bearing these principles in mind, Plaintiff's argument that her new evidence demonstrates that the ALJ's opinion is not supported by "substantial evidence" is problematic. Although her initial brief provides the cursory statement that the new evidence from Dr. Sinha is "probative," see Pl.'s Br., p. 15, nowhere does Plaintiff's initial brief address the standard applicable to sentence six remands. Indeed, the arguments of Plaintiff's brief are couched in the "substantial evidence" language of sentence four, as aptly pointed out by the Commissioner. See Com'r's Br., pp. 7-10. Of course, Plaintiff does contend that the AC "erred" in not remanding the case based, in part, on the new evidence. See Pl.'s Br., pp. 13-17. In addition, in her reply brief, Plaintiff argues for the first time that remand is

6

appropriate under sentence six. See generally Pl.'s Reply Br.

First, as should be apparent, when the AC denies review, the Court may consider *only* 1) whether the ALJ's decision--based upon the record before him--was supported by substantial evidence; or 2) whether new evidence necessitates remand under sentence six. See Falge, 150 F.3d at 1322-24. Thus, at issue is whether Plaintiff has properly raised her sentence six arguments. As a general rule, arguments raised for the first time in a reply brief are waived. See, e.g., United States v. Levy, 416 F.3d 1273, 1275 (11th Cir. 2005) ("Parties must submit all issues on appeal in their initial briefs.").[2] Similarly, an argument should be deemed waived if it is brought only in cursory fashion, without elaboration or factual support. See Callahan v. Barnhart, 186 F. Supp.2d 1219, 1230 n.5 (M.D. Fla. 2002).

Given that Plaintiff never requested a sentence six remand or addressed the standards applicable to sentence six remands until filing her reply brief (by which time the Commissioner had already pointed out that Plaintiff's new evidence cannot be used to argue that the ALJ's opinion is not supported by substantial evidence), the Court deems Plaintiff's belated sentence six arguments waived. Waiver is especially appropriate in a case ike the instant one, in which a party changes her theory of the case in response to deficiencies in her original claim brought out by her opponent's brief. Regardless, as discussed *infra*, even assuming *arguendo* that Plaintiff's sentence six arguments were not waived, the Court is not

---

[2]The prudential rule that all arguments must be raised in a party's initial brief is observed not only by the courts of appeal, but also by the district courts. See, e.g., Greenhorn v. Marriott Int'l, Inc., 258 F. Supp.2d 1249, 1263 (D. Kan. 2003); Jump v. ACP Enterprises, Inc., 224 F. Supp.2d 1216, 1220 (N.D. Ind. 2002); Knight v. Storex Systems, Inc., 739 F. Supp. 739, 743 (N.D.N.Y. 1990). Social Security cases are no exception. See, e.g., Miller v. Massanari, 181 F. Supp.2d 978, 984 (N.D. Ind. 2002).

persuaded that the new evidence is so material as to necessitate remand. Accordingly, the Court will address Plaintiff's claims on the merits.

**B.     The ALJ's Opinion is Supported by Substantial Evidence.**

First, the Court determines that the ALJ's opinion is supported by substantial evidence and that sentence four remand is not appropriate. Plaintiff argues that the Commissioner's decision should be reversed because the ALJ failed: 1) to properly assess her mental impairment; 2) to utilize Vocational Expert ("VE") testimony to show Plaintiff could make an adjustment to other work; and 3) to complete a Psychiatric Review Technique Form ("PRTF"). Pl.'s Br., pp. 9-17. None of these arguments have merit.

To begin, because the ALJ determined that Plaintiff could return to her past work, he did not need to utilize VE testimony unless this determination is not supported by substantial evidence. Thus, if Plaintiff's arguments regarding her mental impairments fail, the Court need not reach her contention that the ALJ should have utilized VE testimony. Of course, before assessing the ALJ's conclusion that Plaintiff's mental impairments were non-severe, it will be helpful to explain what constitutes a "severe" impairment under the Social Security Act. A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1521(a)("Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;

>    (3) Understanding, carrying out, and remembering simple instructions;
>    (4) Use of judgment;
>    (5) Responding appropriately to supervision, co-workers and usual work situations; and
>    (6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that her mental illness significantly affects her ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986): Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984)(*per curiam*). At the second step of the sequential evaluation process:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step-two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test,

> [A]n impairment can be considered as not severe only if it is a slight

9

> abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with [her] ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*). With these basic principles in mind, the Court turns to Plaintiff's arguments.

In determining that Plaintiff's mental impairments were non-severe and did not prevent her from returning to her past work, the ALJ noted: 1) from October 2000 to April 2001 (several months after the alleged onset of disability), Plaintiff worked as an inspector and earned a total of $11,991.19 (earning $8,588.47 in 2000 and $3,402.71 in 2001), see R. 17, 101-15; 2) on February 10, 2003, Dr. Marvin L. Long, a clinical psychologist, performed a consultative exam and determined that Plaintiff was a malingerer and that she exaggerated her mental and psychological problems, see R. 20, 308-17; and 3) Plaintiff lives by herself, suggesting an ability to complete normal activities of daily living. R. 20-21.

Of course, the ALJ also recognized that Plaintiff was treated for depression and leg pain by Dr. Sandra H. Gibbs, a primary care physician, between March and December 2002, see R. 20, 290-94, 303-07. In a brief letter, Dr. Gibbs opined with no explanation that Plaintiff was disabled. R. 304. The ALJ rejected this opinion as lacking any supporting evidence. R. 22. Plaintiff does not argue that this was error; nor could she.

10

Of course, it is well-settled that in the Eleventh Circuit a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

That having been said, the Commissioner is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Finally, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 404.1527(e).

Here, Dr. Gibbs's treatment notes and the medical evidence as a whole provide no support for the notion that Plaintiff's mental impairments were disabling. Accordingly, based on the evidence, the ALJ concluded that while Plaintiff suffered from "mood disorders," these mental impairments were not severe. R. 23. In evaluating Plaintiff's mental impairment, the ALJ used "the 'special procedure'" to assess 1) the severity of the

impairments, 2) whether the impairments met any of the Listings (Appendix 1, Subpart P, Regulation No. 4), and 3) whether the impairments impacted Plaintiff's residual functional capacity. R. 20. In assessing the severity of the impairments, the ALJ considered: 1) Plaintiff's activities of daily living; 2) her social functioning; 3) her concentration, persistence, and pace; and 4) the presence or absence of episodes of decompensation. Id. In addition to noticing Plaintiff's ability to live alone (thus indicating a broad range of activities of daily living), the ALJ noted a paucity of evidence showing deficits in social functioning or episodes of decompensation. R. 21. Finally, the ALJ also relied heavily upon Dr. Long's conclusion that Plaintiff was malingering. Id.

In support of her argument that the ALJ's assessment is unsupported by substantial evidence, Plaintiff relies almost exclusively upon the aforementioned records from Dr. Sinha, which date from between April and August 2004 (more than a year after the ALJ issued his opinion), indicating that Plaintiff suffers from bipolar disorder, chronic pain syndrome, and low back pain. Pl.'s Br., pp. 13-17 (citing R. 375-80). As already explained, the Court cannot consider this evidence in the sentence four context.

Of slightly greater concern, Plaintiff argues that the ALJ disregarded her testimony that she can only perform minimal activities of daily living, as opposed to the far greater range of activities the ALJ inferred from the fact that Plaintiff lives alone. Pl.'s Br., pp. 11-12. Specifically, Plaintiff argues that the ALJ ignored the fact that even though Plaintiff lives by herself, she must rely upon her sister and mother, who "come by often to check on her and help out with daily chores." Pl's Br., p. 12 (citing R. 37-38). It is true that in discrediting Plaintiff's testimony regarding her abilities and her limitations, the ALJ relied almost

exclusively upon the fact that Plaintiff lives alone and Dr. Long's conclusion that she was a malingerer. R. 20-21. Of course, the ALJ also noted a total lack of objective evidence supporting Plaintiff's averments of a severe mental impairment. Id.

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Here, the record before the ALJ contained no medical evidence supporting Plaintiff's assertion that mental impairment rendered her unable to perform a normal range of daily activities. Indeed, as noted by the ALJ, since the alleged onset of disability, Plaintiff had engaged in substantial gainful activity and continued to live by herself. The ALJ's decision in this regard, although not compelled by the evidence, was reasonable.

Simply put, contrary to Plaintiff's testimony that she was utterly dependent upon her

mother and sister, the record before the ALJ does not support her contention. First, at the hearing, Plaintiff testified extensively as to her alleged *physical* limitations, while barely mentioning any mental or psychological problems. See R. 28-46. Likewise, when Plaintiff first applied for disability benefits, she alleged only physical impairments. See R. 38. Of note, Plaintiff has not challenged the ALJ's conclusion that her physical impairments did not preclude her from returning to her past work.

More importantly, Plaintiff's present argument that mental impairment rendered her utterly dependent upon her mother and sister finds little support in the record evidence. Notably, on March 25, 2002, Plaintiff completed a questionnaire and stated that her ability to care for her personal needs was largely unaffected by her impairments. See R. 118 (Q: "How does your illness or injury affect your ability to care for your personal needs?" A: "I can do everything for the most part . . ."). In addition, in an interview with Dr. Long, Plaintiff's mother explained that Plaintiff goes to church, that she "has an okay relationship with family[,] but she tends to stay to herself," and that she has "full capacity to handle funds and make decisions." R. 309. In sum, the ALJ reasonably relied upon the paucity of medical evidence in the record regarding Plaintiff's supposed mental impairments, Dr. Long's opinion, and the fact that Plaintiff lives alone as bases for rejecting Plaintiff's testimony that she was only capable of minimal activities of daily living.

Finally, Plaintiff's argument that the ALJ erred in not procuring a completed PRTF also fails. According to Plaintiff, under Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005), Plaintiff's allegations of mental impairment required the ALJ to procure a completed PRTF and append it to his decision. Pl.'s Br., pp. 16-17. Plaintiff misapprehends the import of

Moore. In Moore, the Eleventh Circuit held "that where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." Moore, 405 F.3d at 1214. Here, as described above, the ALJ complied with his obligations under Moore by incorporating the PRTF's "special technique" into his own findings and conclusions.

Furthermore, Plaintiff's argument ignores that fact that she, not the Commissioner, bore the burden of producing medical evidence of severe impairment. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Simply put, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about [her] own medical condition, to do so." Id. at 146 n.5. The absence of evidence in the record showing severe mental impairment is not due to any fault of the ALJ, and absent any showing that additional evidence was needed to render a decision based upon substantial evidence, the Court will not penalize the Commissioner for Plaintiff's failure to produce relevant evidence. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations and quotations omitted)).

**C.     Plaintiff's New Evidence Does not Necessitate Remand.**

Nor does Plaintiff's new evidence from Dr. Sinha necessitate a sentence six remand, even assuming Plaintiff has not waived any such argument. "Not every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for

Moore. In Moore, the Eleventh Circuit held "that where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." Moore, 405 F.3d at 1214. Here, as described above, the ALJ complied with his obligations under Moore by incorporating the PRTF's "special technique" into his own findings and conclusions.

Furthermore, Plaintiff's argument ignores that fact that she, not the Commissioner, bore the burden of producing medical evidence of severe impairment. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Simply put, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about [her] own medical condition, to do so." Id. at 146 n.5. The absence of evidence in the record showing severe mental impairment is not due to any fault of the ALJ, and absent any showing that additional evidence was needed to render a decision based upon substantial evidence, the Court will not penalize the Commissioner for Plaintiff's failure to produce relevant evidence. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations and quotations omitted)).

**C.     Plaintiff's New Evidence Does not Necessitate Remand.**

Nor does Plaintiff's new evidence from Dr. Sinha necessitate a sentence six remand, even assuming Plaintiff has not waived any such argument. "Not every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for

some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." Caulder, 791 F.2d at 876 (quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)). And while it is not necessary for a different administrative result to be "likely," the Court will not issue remand to the Commissioner when there is no real possibility of a different outcome. Cf. Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994)(rejecting requirement that evidence would "likely" have changed result)(quoting Chaney, 659 F.2d at 679). Such is the case here.

First, in order to necessitate a sentence six remand, Plaintiff's new evidence must relate to her condition during the time period considered by the ALJ. See Shave v. Apfel, 238 F.3d 592, 597 (5th Cir. 2001)(evidence related to subsequent deterioration of the claimant's condition is immaterial unless it relates to relevant period);see also Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988); Caulder v. Bowen, 791 F.2d 872, 877-78 (11th Cir. 1986). Dr. Sinha treated Plaintiff for bipolar disorder and chronic pain syndrome from April to August 2004, a period postdating the ALJ's decision by more than a year. See R. 375-80. There is nothing in the record to indicate that Dr. Sinha's medical records have retrospective application to the period leading up to the ALJ's decision.

Furthermore, Dr. Sinha's treatment notes actually belie Plaintiff's contentions of severe mental impairment. On April 1, April 21, June 7, and August 4, 2004, Dr. Sinha gave Plaintiff a Global Assessment of Functioning ("GAF") score of 60. Although Plaintiff's GAF score is suggestive of some mental impairment, courts have held that even lower GAF scores are not indicative of severe impairment. See Henson v. Barnhart, 373 F. Supp.2d 674, 681-83 (E.D. Tex. 2005)(diagnosis of "major depression" and GAF score of 50 did not

preclude ALJ from finding no severe impairment); <u>Deford v. Barnhart</u>, 347 F. Supp.2d 1174, 1180-81 (M.D. Ala. 2004)(GAF of 50 not suggestive of severe mental impairment). Indeed, throughout Dr. Sinha's treatment of Plaintiff, Plaintiff was "friendly" and "cooperative," her speech was "clear," her answers to questions were "relevant, coherent, and logical," she was alert and oriented, and she had adequate memory and intelligence. R. 375, 376, 377, 379. In sum, Plaintiff's new medical evidence presents no real possibility for a different administrative outcome, and as a result lacks the materiality needed to require a sentence six remand. The ALJ's decision should not be disturbed.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 10th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE